# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BRANDON WHITE<br><br>   Plaintiff,<br><br>v.<br><br>JEFFERSON CITY MISSOURI POLICE DEPARTMENT, et al.,<br><br>   Defendants. | Case No. 2:21-cv-4189-NKL |

## ORDER

Defendant Jefferson City Missouri Police Department ("JCMPD") moves for a stay pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), or *Younger v. Harris,* 401 U.S. 37 (1971). Doc. 15. For the reasons stated below, the Court grants Defendant's motion to stay the case pending the resolution of the related criminal proceeding against *pro se* plaintiff Brandon White in Cole County Circuit Court.

## I.  BACKGROUND

### A. Civil Proceedings

On October 7, 2021, White moved the Court for leave to proceed *in forma pauperis*. Doc. 1. The Court denied the motion without prejudice in light of White's failure to sign the papers. Doc. 2. On November 23, 2021, White again moved to proceed *in forma pauperis*. On December 1, 2021, the Court granted that motion. Doc. 4.

On January 31, 2022, White filed his initial complaint against JCMPD. Doc. 10. White alleged that the JCMPD violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights

because he was arrested for no reason at all, illegally searched, harassed, and almost killed through excessive force. He requested $10,000,000 in damages. JCMPD responded by filing the motion to stay and a motion to dismiss. Docs. 13 and 15.

White then amended his complaint. In the amended complaint, he added "City of Jefferson City Missouri Municipality," prosecutor Carol English, Officer Collier Nichols, Officer T. Hughes, Officer D. McKinney, and Buford Walker as defendants. White added a claim under 42 U.S.C. § 1983 for municipal liability. He alleged that the city inadequately trained its officers and inadequately investigated citizens' complaints. He also claimed that Defendants conspired with witnesses to give false information to the police in violation of 42 U.S.C. § 1985; and that Officer Nichols tried to shoot him because he is African-American, in violation of 42 U.S.C. § 1981. Finally, the amended complaint added claims for kidnapping and battery under state law, due to the alleged illegal prosecution. White again alleged that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendants' illegal prosecution, excessive use of force, and false arrest.[1] He also added some factual allegations. To support his Fourth Amendment claim, White alleged that Defendants let exculpatory evidence dissipate and that they invaded his privacy through the false arrest. To support his Eighth Amendment claim, he alleged that he was forced to pay bail when he did not commit a crime. Finally, to support his illegal prosecution claim, White added allegations that he was being prosecuted in retaliation for filing this civil case. White reasserted his request for damages but also sought an emergency injunction to prevent the city from "continuing in the violation of Plaintiff[']s constitutional rights."

---

[1] White alleged the force was excessive because the amount of force applied during his arrest was unnecessary and there was no probable cause to arrest him.

### B. Parallel State Proceeding

All of White's claims relate to a criminal prosecution pending in Missouri state court. *State v. Brandon White*, 21AC-CR02084-01 (Cole Cty. Cir. Ct. Dec. 1, 2021). Missouri alleges that White stole $750 or more and was in possession of 10 grams or less of marijuana. *Id.* No trial date has been set. *Id.*

## II. DISCUSSION

JCPMD argues that the case should be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). In *Wallace*, the Supreme Court stated, "if a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Staying the case furthers comity and federalism. *See Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874, 881 (8th Cir. 2002) (holding that a federal court should abstain from exercising jurisdiction over a civil claim that would interfere with a pending state court action because federal courts should endeavor to protect federal rights in ways that do not unduly interfere with the legitimate activities of the states (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971))). Further, by entering a stay under such circumstances, a court avoids prematurely ruling on the validity of parallel prosecutions without all pertinent information. *See Ross v. Nehoff,* No. 4:21-CV-159 SEP, 2021 WL 3885575, at *3 (E.D. Mo. Aug. 31, 2021) (noting that courts would be forced to speculate about the result of a prosecution and the strength of the state's evidence if they do not enter a stay) (citing *Wallace*, 549 U.S. at 393); *Vonneedo v. Dennis,* No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (same).

*Wallace* compels the Court to stay this action. With one exception, discussed further below, White's claims are likely to be resolved by the Missouri state court during the criminal proceeding, as they depend either on an alleged lack of probable cause or on the State's allegedly violating his constitutional rights in its search for and handling of evidence.

While the state court is unlikely to directly rule on White's remaining claim—that Officer Nichols pulled his service weapon because White is African-American—the state court is likely to make rulings related to whether there was probable cause to believe that White needed to be arrested and was dangerous. *See Bell v. Jefferson Cty. Sheriff Dep't*, No. 4:21-CV-00061-AGF, 2021 WL 4860866, at **1–2 (E.D. Mo. Oct. 19, 2021) ("While [p]laintiff is correct that the outcome of his criminal trials is not determinative of his civil claims, the same questions of fact— whether officers had probable cause to believe [p]laintiff had violated the law and to what extent [p]laintiff resisted the officers—will underly both trials."). Entering a stay accords due respect to the jurisdiction of the state court and ensures that, when the Court addresses the issues raised in White's civil claims, it will be with more certainty. Indeed, entering a stay in these circumstances is the "common practice" among district courts in the Eighth Circuit. *See, e.g.*, *Lewis v. Smith*, No. 4:21-CVb-610-NAB, 2021 WL 3268350, at *3 (E.D. Mo. July 30, 2021) (staying, under *Wallace,* plaintiff's claims for excessive force and illegal seizure); *Wheelis v. Ball*, No. 4:20-CV-446-NAB, 2020 WL 4368094, at *1 (E.D. Mo. July 30, 2020) (same); *Vonneedo*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying, under *Wallace*, due to a parallel state criminal proceeding, plaintiff's §1983 claims for violations of the Fourth Amendment); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

White argues that he will be unfairly prejudiced if the case is stayed because the criminal proceeding will be allowed to proceed. However, the Court is staying the case precisely because

White's civil action could otherwise interfere with a pending state prosecution. It is for the state court in the first instance to determine the viability of White's constitutional claims insofar as they bear on the criminal case against him. As for White's concern that a stay would permit the defendants to destroy evidence, the state court's involvement itself should afford some protection against such an occurrence, and in any event, the defendants are now all on notice that there is a federal civil action pending against them, and they are obligated to preserve documents and other data that may be relevant to the case. *See, e.g., Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460–61 (8th Cir. 2013) (affirming district court's adverse-inference instruction where one party intentionally destroyed materials to suppress truth and the destruction prejudiced the opposing party); *see also Stirling v. St. Louis Cnty. Police Dep't*, No. 4:11CV01932 AGF, 2013 WL 2244638, at *1 (E.D. Mo. May 21, 2013) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.") (quotation marks and citation omitted); *Evenson v. Johnson Bros. Liquor Co.*, No. 18-CV-3188 (JRT/LIB), 2020 WL 12948541, at *6 (D. Minn. Nov. 12, 2020) ("To fulfill the obligation to preserve evidence a litigant must take affirmative steps to prevent inadvertent spoliation.") (quotation marks and citations omitted).

As the Court has found that *Wallace* compels staying this action, it need not consider whether a stay is appropriate under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).[2]

---

[2] While it is generally true that when *Younger* abstention is appropriate, the district court must dismiss the action, *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (citing *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012)), when a plaintiff seeks

## III. CONCLUSION

For the reasons discussed above, this case is stayed pending resolution of the related criminal proceedings in state court, including any related appellate or post-conviction proceedings. For administrative purposes, the case shall be closed. But after the final disposition of the criminal matter, the case may be reopened by any party's filing of a motion to reopen the case.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 13, 2022
Jefferson City, Missouri

---

money damages, as White does here, the appropriate remedy is for the district court to stay the case until the underlying state proceeding, here the criminal prosecution, is resolved. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481-82 (8th Cir. 1998) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)); *see also Reyes v. Bayne*, No. 4:21-CV-00334-LPR, 2021 WL 2533466, at *9 (E.D. Ark. June 21, 2021) (staying rather than dismissing the case because plaintiffs sought damages in addition to declaratory and injunctive relief).